Memorandum. The claimant did not leave her employment ‘ ‘ without good cause” within the meaning of the Unemployment Insurance Law ([Labor Law, art. 18] § 593, subd. 1, par. [a]). An employee is under no duty or necessity to continue to work at his job after he is told by Ms employer that all of his future wages will be withheld and paid over to a creditor, be it government or individual, until his total indebtedness to such third party is satisfied. It is not reasonable to expect that an employee will continue to work without receiving any part of the wages he earns, even though the indebtedness for which those wages are taken is just and the levy thereon resulted from the employee’s own fault or neglect in failing to satisfy that debt. As the Appellate Division observed: “No industrial society tolerates the total deprivation of future earnings for the collection of debt; and all legal machinery for the enforcement of claims against wages allows some tolerance for the minimal needs of the employee while he works off the debt.” We pass on no other question.
 

 The order appealed from should be affirmed, with costs.
 

 Chief Judge Desmond and Judges Dye, Fuld and Burke concur in Memorandum; Judges Van Voorhis and Scileppi dissent and vote to reverse in the following memorandum: Claimant’s decision to quit work to evade payment of her income taxes, amounting to less than three weeks’ wages, was not made in good faith. The facts have been found against the claimant by the Unemployment Insurance Appeal Board. Clearly, she did not quit for good cause within the meaning of the Unemployment Insurance Law. Taking no part: Judge Bergan.
 

 Order affirmed.